1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHADE R.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C20-1790-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[1] Plaintiff has at least a high school education and previously worked as a grip. AR 28–29. Plaintiff filed an application for DIB and an application for SSI on March 26, 2018 alleging disability beginning March 1, 2010. AR 15. The applications

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

were denied at the initial level and on reconsideration. On May 21, 2020, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 36–62. On June 22, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 12–35. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on October 1, 2020 (AR 1–6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ found Plaintiff has engaged in substantial gainful activity since the alleged onset date. AR 17.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment.

ORDER
PAGE - 2

The ALJ found Plaintiff has the following severe impairments: depression, bipolar disorder, and anxiety. AR 18.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 18–21.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> [H]e is limited to work that requires him to perform simple routine tasks, have occasional interactions with coworkers, and occasional, superficial interaction with general public.

AR 21. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 28.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a janitor, hand packager, and automobile detailer. AR 29–30.

Plaintiff raises the following issues on appeal: (1) Whether substantial evidence in the record supports the ALJ's finding that Plaintiff would be capable of sustaining substantial gainful activity based on the RFC; and (2) whether the ALJ erred in evaluating the opinion of the examining clinical psychologist and in failing to consider the opinion of Lauren O'Toole MSN, ARNP. Plaintiff requests remand for further administrative proceedings. The Commissioner

1    argues the ALJ's decision has the support of substantial evidence and should be affirmed.

2         **1. RFC and Subjective Testimony**

3         At step four, the ALJ must identify the claimant's functional limitations or restrictions and

4    assess his work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 404.1545; SSR

5    96-8p. The RFC is the most a claimant can do considering his limitations or restrictions. *See* SSR

6    96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including

7    those that are not severe, in assessing the RFC. 20 C.F.R. § 404.1545(e); SSR 96-8p. Plaintiff

8    argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ

9    erred by considering that Plaintiff failed to comply with treatment, that Plaintiff improved with

10   treatment, and that Plaintiff's work history showed that Plaintiff was capable of substantial gainful

11   activity. Dkt. 19, at 2–8.

12        The Commissioner responds to Plaintiff's arguments by arguing that the ALJ reasonably

13   discounted Plaintiff's subjective testimony regarding his mental health symptoms by finding the

14   testimony inconsistent with Plaintiff's course of treatment and evidence of medication improving

15   his symptoms and by considering evidence that Plaintiff worked after the alleged onset date.[2] Dkt.

16   20, 2–7. Although Plaintiff does not properly challenge the ALJ's evaluation of Plaintiff's

17   subjective testimony in his Opening Brief, the Court exercises its discretion to review the issue "to

18   prevent manifest injustice" and because the Commissioner had an opportunity to respond and,

19   therefore, will not be prejudiced. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992)

20   (the Court "will review an issue not present in an opening brief" for good cause shown, if a failure

21   _____

22   [2] The Commissioner also argues that the ALJ properly evaluated Plaintiff's testimony by finding it
     inconsistent with examination findings and considering that Plaintiff experienced mild side effects from his
     medication. Dkt. 20, at 5–8. Plaintiff, however, does not address these findings in the Opening Brief.
23   Therefore, the Court does not consider these arguments. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d
     971, 977 (9th Cir. 1994) (the Court "review[s] only issues which are argued specifically and distinctly in a
     party's opening brief.").

ORDER
PAGE - 4

to do so would result in manifest injustice, and if the failure to raise the issue properly did not prejudice the opposing party).

The rejection of a claimant's subjective symptom testimony[3] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that his bipolar symptoms create erratic moods that make it difficult to get along with co-workers and supervisors, that his symptoms and medications make it extremely difficult to focus, to remember instructions, or to carry out assigned tasks, that he needs to be reminded to do self-care when in a manic high or depressed low, that he cannot focus enough to drive, and that his impairments affect his memory, concentration, and understanding and his ability to complete tasks, follow instructions, and get along with others. AR 234–40. Plaintiff further alleges that his sleep schedule is erratic and makes it hard to adhere to a work schedule, that his

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 5

manic and depressive episodes are frequent and make his behavior and job completion unstable, and that his impairments make it difficult for him to stay on topic, express himself, and listen. AR 280. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." AR 22.

a.  Compliance with Prescribed Treatment

Plaintiff argues that the ALJ erred by finding that "the severity of Plaintiff's symptoms resulted from his failure to comply with treatment" because the ALJ failed to follow SSR 18-3p when evaluating a claimant's failure to comply with prescribed treatment. Dkt. 19, at 6. SSR 18-3p, which rescinds and replaces SSR 82-59, provides that "an individual who meets the requirements to receive disability or blindness benefits will not be entitled to these benefits if the individual fails, without good cause, to follow prescribed treatment that we expect would restore his or her ability to engage in substantial gainful activity." SSR 18-3p. Accordingly, an individual must meet all of the following conditions for SSR 18-3p to apply: (1) the individual would otherwise be entitled to benefits under titles II or XVI; (2) the individual was prescribed treatment for their medically determinable impairment upon which the disability finding is based; and (3) the individual did not follow that prescribed treatment. *Id.* Here, the ALJ did not find that Plaintiff would otherwise be entitled to benefits but for his noncompliance with treatment. *See Roberts v. Shalala*, 66 F.3d 179, 183 (9th Cir. 1995) ("The procedures that SSR 82-59 mandates, however, only to apply to claimants who would otherwise be disabled within the meaning of the Act."). Therefore, Plaintiff has not shown that SSR 18-3p applied to the ALJ's decision.

The Commissioner argues that the ALJ reasonably discounted Plaintiff's subjective

testimony by finding it inconsistent with Plaintiff's course of treatment, including Plaintiff's failure to take prescribed medication. Dkt. 20, 3–4. The ALJ found that Plaintiff reported in 2010 that he did well on Zyprexa but stopped taking it due to costs. AR 23 (citing AR 341, 347). The ALJ further found that, although Plaintiff reported in 2018 that he stopped taking psychiatric medication "a few years ago because 'they don't work,'" Plaintiff's mother reported to Plaintiff's doctor that he was doing well on low doses of olanzapine. AR 23 (citing AR 387). The ALJ found that "[i]f [Plaintiff's] mental symptoms were as chronic or as severe as described, one would expect that he would exhaust all options to care for his conditions and make greater efforts to obtain care for his conditions." AR 23. Although, as described above, Social Security regulations permit a denial of benefits in certain situations where a claimant fails to comply with prescribed course of treatment, *see* SSR 18-3p and 20 C.F.R § 416.930(b), the Ninth Circuit has cautioned against discounting mental health complaints based on lack of treatment. *See Regennitter v. Commissioner*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999) ("[W]e have particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."). Here, Plaintiff alleges that he experiences manic episodes that make his mood erratic and that his symptoms and medications affect his memory and focus. AR 234, 280. Plaintiff's noncompliance with treatment is not reasonably inconsistent with his allegations of debilitating mental health impairments. Therefore, the ALJ's reasoning for discounting Plaintiff's testimony regarding the severity of his mental health impairments based on Plaintiff's noncompliance with his treatment plan was not specific, clear, or convincing.

1

b.  <u>Improvement with Treatment</u>

2

Plaintiff argues that the ALJ erred by finding that Plaintiff improved with treatment,

3  asserting that "[a] mere report of improvement or doing well as claimed by the ALJ is not

4  inconsistent with disabling limitations." Dkt. 19, at 7. The Commissioner argues that the ALJ

5  properly discounted Plaintiff's subjective testimony based on evidence of Plaintiff improving with

6  treatment. Dkt. 20, at 4–5. The ALJ found that, "after better compliance with treatment,

7  [Plaintiff's] symptoms are not as severe as alleged." AR 24. The ALJ found that Plaintiff reported

8  in 2018 that lithium was very helpful. AR 24 (citing AR 389). The ALJ further found that

9  Plaintiff's psychosis had mostly resolved at discharge from his February 2018 hospital stay.

10  AR 24. An ALJ can use evidence of adequate treatment to discount allegations of psychological

11  disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). However, the Ninth Circuit

12  has cautioned that "reports of 'improvement' in the context of mental health issues must be

13  interpreted with an understanding of the patient's overall well-being and the nature of [his]

14  symptoms" and that such reports "must also be interpreted with an awareness that improved

15  functioning while being treated and while limiting environmental stressors does not always mean

16  that a claimant can function effectively in a workplace." *Garrison v. Colvin*, 759 F.3d 995, 1017

17  (9th Cir. 2014). Here, the ALJ relied on records showing that Plaintiff had improved enough to be

18  released from involuntary hospitalization (AR 24 (citing AR 389, 440)); however, these records

19  do not reasonably show that Plaintiff's mental impairments have improved to the point that he is

20  capable of working or is prepared to return to work. *See Garrison*, 759 F 3.d at 1017. Therefore,

21  the ALJ did not provide specific, clear, or convincing reasons for discounting Plaintiff's testimony

22  regarding debilitating mental health symptoms based on evidence of Plaintiff's impairments

23

improving with treatment.

Plaintiff further argues that the ALJ did not adequately develop the record regarding the degree and nature of the improvements. Dkt. 19, at 7–8. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Here, the ALJ made no finding that the evidence was ambiguous or that the record was inadequate to allow for proper evaluation. Therefore, the ALJ was not under a duty to develop the record further, and the ALJ did not err.

c. Work Activity

Finally, Plaintiff argues that the ALJ erred by pointing to Plaintiff's work activity as evidence that Plaintiff was capable of substantial gainful employment without excessive absences. Dkt. 19, at 8. Plaintiff argues that, although Plaintiff alleges an onset date of 2010, Plaintiff's work activities ended in 2013 and Plaintiff's earliest eligibility was March 26, 2017, one year before the date of his applications.[4] *Id.* (citing 20 C.F.R. § 404.621(a)). The Commissioner argues that the ALJ properly discounted Plaintiff's testimony based on evidence of Plaintiff working after the alleged onset date. Dkt. 20, at 7. Evidence of a claimant doing work "during any period" in which the claimant believes he is disabled "may show that [the claimant] is able to work at the substantial gainful activity level." 20 C.F.R. §§ 404.1571, 416.971. However, where the evidence shows a claimant's symptoms vary or improve or progress over time, the ALJ must sufficiently consider the duration of, or chronological fluctuation in the claimant's symptoms. *Smith v. Kijakazi*, 14

---

[4] Plaintiff misinterprets the relevant legal authority. Under 20 C.F.R § 404.621(a), a claimant may be able to receive retroactive benefits for up to 12 months immediately before the month in which his application is filed. Contrary to Plaintiff's assertion, this regulation does not establish a claimant's "earliest eligibility" for benefits. *See* Dkt. 19, at 8.

ORDER
PAGE - 9

1   F.4th 1108, 1112 (9th Cir. 2021). Here, the ALJ found that Plaintiff worked both full- and part-

2   time jobs after the alleged onset date through September 2013. AR 24. The ALJ found that

3   Plaintiff's ability to engage in part-time and full-time work after the alleged onset date "is some

4   evidence that [Plaintiff's] ability to understand, remember, and carry out at least simple routine

5   tasks, maintain a work schedule, and have at least occasional and/or superficial interactions with

6   others." AR 24–25. However, Plaintiff alleges that he experiences episodes of mania, "erratic

7   moods," and depressed lows due to his mental health impairments. AR 234, 236. Additionally,

8   since the time Plaintiff last work in 2013, Plaintiff had been involuntarily committed at least twice.

9   AR 400–58, 633–60. The ALJ did not adequately addressed the chronological progression of

10  Plaintiff's symptoms or the fluctuations in Plaintiff's symptoms due to the nature of his mental

11  impairments. *See Smith*, 14 F.4th at 1112–13. Therefore, the ALJ did not provide specific, clear,

12  or convincing evidence for discounting Plaintiff's testimony based on evidence of his work history.

### 2. Medical Opinions

14      The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the

15  ALJ finds medical opinions and to explain how the ALJ considered the supportability and

16  consistency factors.[5] 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The regulations require an

17  ALJ to specifically account for the legitimate factors of supportability and consistency in

18  addressing the persuasiveness of a medical opinion. The "more relevant the objective medical

19  evidence and supporting explanations presented" and the "more consistent" with evidence from

20  other sources, the more persuasive a medical opinion or prior finding. *Id*. at §§ 404.1520c(c)(1)–

21  (2), 416.920c(c)(1)–(2).

---

[5] The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standard for the review of medical opinions.

ORDER
PAGE - 10

1   Further, the Court must continue to consider whether the ALJ's analysis is supported by

2   substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

3   Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also*

4   *Zhu v. Comm'r of Soc. Sec. Admin.*, No. 20-3180, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021)

5   (applying the substantial evidence standard under the 2017 regulations). With these regulations

6   and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

7       A.  <u>Dr. James Czysz, Psy.D.</u>

8       Dr. Czysz examined Plaintiff on March 3, 2020, and diagnosed Plaintiff with bipolar I

9   disorder and unspecified alcohol-related disorders. AR 560. Dr. Czysz assessed Plaintiff was

10  marked limitations in his ability to perform activities within a schedule, maintain regular

11  attendance, and be punctual within customary tolerances without special supervision;

12  communicate and perform effectively in a work setting; and complete a normal work day and work

13  week without interruptions from psychologically based symptoms. AR 560–61. Dr. Czysz further

14  assessed Plaintiff with moderate limitations in his ability to understand, remember, and persist in

15  tasks by following very short and simple instruction; adapt to changes in routine work setting;

16  make simple work-related decisions, be aware of normal hazards and take appropriate precautions;

17  and maintain appropriate behavior in a work setting; and set realistic goals and plan independently.

18      The regulations require the ALJ to articulate the persuasiveness of each medical opinion

19  and explain how the ALJ considered the supportability and consistency factors for that opinion.

20  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ found Dr. Czysz's assessment of

21  marked limitations unpersuasive because they were made via checkbox forms without much

22  explanation for the ratings given, the doctor did not have an opportunity to review the entire record,

23  and his opinion was inconsistent with the totality of the record, including the doctor's own

description of Plaintiff's performance during the examination. AR 27.

Plaintiff argues that the ALJ erred by discounting Dr. Czysz's opinion based on lack of supporting explanation. Dkt. 19, at 9. In evaluating the supportability of a medical opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Dr. Czysz's clinical findings provided that Plaintiff presented with symptoms of "[d]epressed mood, anhedonia, sleep disturbance, feeling of helplessness and hopelessness, diminish concentration, low motivation, little self-confidence or stamina." AR 560. Dr. Czysz found that Plaintiff's symptoms of depression were "frequent and severe enough to likely impair the client's stamina, confidence, and resilience throughout the course of the day" and "would make it difficult for the client to approach new situations, in interview for jobs, or to concentrate on the task at hand." AR 560. Dr. Czysz's clinical findings also found "[m]ood lability, inconsistent affect, inability to down-regulate negative affect or expansive affect" and that Plaintiff "has had psychotic symptoms during episodes of mania." AR 560. The doctor described these symptoms as "present[ing] barriers to sustained employment." AR 560. Because Dr. Czysz's opinion and assessed limitations include both explanation and support by the doctor's clinical findings describing Plaintiff's symptoms and their effect on Plaintiff's ability to work, the ALJ did not reasonably discount Dr. Czysz's assessment of marked limitations based on lack of supporting explanation.

Plaintiff further argues that the ALJ erred by discounting Dr. Czysz's opinion on grounds that the doctor did not review the entire record. Dkt. 19, at 11. Social Security regulations provide that "[a] medical source may have a better understanding of [a claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [the claimant's]

folder." 20 C.F.R. §§ 404.1520c(3)(v), 416.920c(3)(v). Here, Dr. Czysz examined Plaintiff and provided clinical findings based on the assessment. The regulations do not require an examining physician to review all of a claimant's medical records. Indeed, even a consulting physician is not required to review all of a claimant's background records when assessing a claimant's limitations. *See Walshe v. Barnhart*, 70 Fed. Appx. 929, at *1 (9th Cir. July 16, 2003). Therefore, the ALJ did not reasonably discount Dr. Czysz's opinion on grounds that the doctor did not review the entire record.

Plaintiff next argues that the ALJ erred by discounting Dr. Czysz's opinion on grounds that it was inconsistent with the doctor's own observations of Plaintiff in the examination. Dkt. 19, at 11. An ALJ properly considers internal inconsistencies within a physician's report. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). The ALJ found that Dr. Czysz's opinion was inconsistent with Plaintiff's performance at the mental status examination "when the claimant demonstrated cooperative behavior, adequate hygiene, normal affect, linear and well-organized thought process, normal speech, normal perception, intact memory, and normal concentration." AR 27. Although Dr. Czysz opined that Plaintiff was within normal limits in orientation, perception, memory, fund of knowledge, concentration, and abstract thought, the doctor further found Plaintiff's "insight and judgment appear minimally intact at this point but can rapidly decline during episodes of mania" and that Plaintiff had linear and well-organized thought process but "was notable for depressive, self-critical, and negativist brooding." AR 562. Dr. Czysz's observations are not clearly inconsistent with his diagnosis of bipolar disorder. Therefore, the ALJ did not reasonably discount Dr. Czysz's opinion based on inconsistency with the doctor's observations in the examination.

The Commissioner argues that the ALJ reasonably evaluated Dr. Czysz's opinion because

the doctor appeared to base his opinion on Plaintiff's self-reported symptoms. Dkt. 20, at 11. Plaintiff concedes that "Dr. Czysz clearly relied less upon the [mental status examination] and more upon the Plaintiff's report, substantiated by the discharge summary from the hospitalization he reviewed." Dkt. 19, at 12. However, the ALJ did not clearly reject Dr. Czysz's opinion based on finding that the doctor impermissibly relied on Plaintiff's self-reports. *See Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ"). Even if the ALJ had rejected the Dr. Czysz's opinion based on the doctor relying on Plaintiff's self-reports rather than on the doctor's clinical findings, the ALJ did not properly discount Plaintiff's testimony regarding debilitating mental health symptoms, as described above. Therefore, the ALJ's would not have properly rejected Dr. Czysz's opinion based on the doctor relying on the self-reports because Plaintiff's testimony was not properly discounted. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible").

Plaintiff argues that the ALJ erred by discounting Dr. Czysz's opinion by finding that the opinion was inconsistent with Plaintiff's presentation at other appointments. Dkt. 19, at 12–16. The ALJ cites several records, in which the ALJ found that Plaintiff presented with cooperative, calm, polite, responsive, engaged appropriate, or pleasant behavior. AR 22, 27. Dr. Czysz, however, observed that Plaintiff presented as well-groomed, normal speech, cooperative attitude, and normal affect. AR 560. This evidence, therefore, is not reasonably inconsistent with Dr. Czysz's observations regarding Plaintiff's presentation or findings that Plaintiff experiences episodes of mania, during which Plaintiff's insight and judgment "can rapidly decline." AR 562. Therefore, the ALJ did not reasonably discount Dr. Czysz's opinion based on inconsistencies with

ORDER
PAGE - 14

1  Plaintiff's presentation at other appointments in the record.

2  Plaintiff further argues that the ALJ erred by finding Dr. Czysz's opinion inconsistent with

3  evidence of Plaintiff improving with treatment. Dkt. 19, at 16. As discussed above, "reports of

4  'improvement' in the context of mental health issues must be interpreted with an understanding of

5  the patient's overall well-being and the nature of [his] symptoms." *Garrison*, 759 F.3d at 1017.

6  Here, the ALJ again relied on records showing that Plaintiff had improved enough to be released

7  from involuntary hospitalization in 2018 and 2020 (AR 27 (citing AR 389, 440, 636, 647, 653,

8  658)); however, these records do not reasonably show that Plaintiff's mental impairments have

9  improved to the point that he is capable of working or is prepared to return to work. *See Garrison*,

10 759 F.3d at 1017. The ALJ further cited to treatment records in which Plaintiff reported that he

11 has been "a bit less depressed" and is "doing better in terms of self-care." AR 552. However, the

12 same treatments notes also stated that Plaintiff was currently experiencing a depressed episode and

13 that his mood is "up and down." AR 552. These records do not reasonably show that the Plaintiff's

14 symptoms and impairments have improved such that they are inconsistent with Dr. Czysz's

15 assessed limitations. Therefore, the ALJ did not reasonably discount Dr. Czysz's opinion based on

16 inconsistency with evidence of Plaintiff's improving with treatment.

17 Plaintiff argues that the ALJ erred by finding that Plaintiff's activities are inconsistent with

18 Dr. Czysz's assessed limitations.[6] Dkt. 19, at 16–18. An ALJ may reject an opinion when the

19 physician sets restrictions that "appear to be inconsistent with the level of activity that [the

20 claimant] engaged in." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ

21

22 [6] Plaintiff further argues that evidence of Plaintiff's activities up to 2013 are not material because Plaintiff's "earliest eligibility for benefits" is one year prior to the date of his application. Dkt. 19, at 17. As discussed

23 above, Plaintiff misinterprets the relevant regulations. Plaintiff alleged a disability onset date of March 1, 2010, and the ALJ properly considers evidence within the relevant disability period and relevant to a claimant's claim. *See* 20 C.F.R. §§ 404.1520b, 416.420b.

ORDER
PAGE - 15

1    found Dr. Czysz's opinion inconsistent with Plaintiff's reported activities of daily living, social

2    functioning, and work activities. AR 27. The ALJ cited to Plaintiff's functional reports and hearing

3    testimony; however, the ALJ failed to specify the activities or explain how these activities were

4    inconsistent with Dr. Czysz's assessed limitations. Under the regulations, the ALJ must explain

5    how he considered the supportability and consistency factors for a medical source's medical

6    opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Because the ALJ failed to adequately

7    explain how or why Dr. Czysz's opinion was inconsistent with Plaintiff's activities, the ALJ's

8    rejection of Dr. Czysz's opinion based on inconsistency with Plaintiff's level of activity was not

9    supported by substantial evidence.

10         B.  Lauren O'Toole MSN, ARNP

11        In March 2018, ARNP O'Toole noted that Plaintiff has a current diagnosis of bipolar

12    disorder, is experiencing mental illness manifestation "such as severe mood lability, grandiosity,

13    paranoid and delusion though content and agitation." AR 400. Based on these notes, ARNP

14    O'Toole noted that "I estimate [Plaintiff] will be disabled by these symptoms for a minimum of 6

15    months to a year." AR 400.

16        Plaintiff argues that the ALJ erred by failing to address March 2018 treatment notes of

17    ARNP O'Toole. Dkt. 19, at 18. The Commissioner argues the ALJ did not need to address ARNP

18    O'Toole's March 2018 notes because it was not a "medical opinion" under the applicable

19    regulations. Dkt 20, at 12–13. The regulations provide that "[m]edical opinions are statements

20    from acceptable medical sources that reflect judgments about the nature and severity of [a

21    claimant's] impairments," including their symptoms, diagnosis and prognosis, what they can do

22    despite their impairments, and their physical and mental restrictions. *See* 20 C.F.R. §§

23    404.1527(a)(1), 416.927(a)(1). Here, ARNP O'Toole's notes estimated that Plaintiff would be

ORDER
PAGE - 16

disabled for six months to a year, but the notes did not reflect ARNP O'Toole's judgments about the nature and severity of Plaintiff's impairments or identify any limitations. Under the regulations, statements that a claimant is not disabled "is inherently neither valuable nor persuasive." 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i). An ALJ "is not required to discuss evidence that is neither significant nor probative." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations). Therefore, the ALJ did not err by not addressing ARNP O'Toole's March 2018 notes.

### 3. Harmless Error

As described above, the ALJ erred in discounting portions of Plaintiff's testimony and rejecting Dr. Czyz's assessed limitations. However, this error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'" (citation omitted)), *superseded by regulation on other grounds*. Under the regulations, the ALJ may find a claimant not disabled if there is evidence of the Plaintiff having engaged in substantial gainful activity after the alleged onset date. 20 C.F.R. §§ 404.1571, 416.971 ("If you are able to engage in substantial gainful activity, we will find that you are not disabled."); *see also id.* §§ 404.1520(b), 416.920(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."). Here, the ALJ found that Plaintiff has engaged in substantial gainful activity after the alleged onset date. AR 17–18, 24–26, 29. Plaintiff does not challenge the ALJ's finding that Plaintiff engaged in substantial gainful activity between January 2012 and September 2013; rather, Plaintiff

acknowledges that Plaintiff stopped working in September 2013. Dkt. 19, at 8. Because Plaintiff engaged in substantial gainful activity within the period of years in which he claims to be disabled, Plaintiff is not disabled under the regulations.[7] *See* 20 C.F.R. §§ 404.1571, 416.971 ("The work . . . that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level."). Therefore, any error in the ALJ's evaluation of Plaintiff's subjective testimony, evaluation of the medical opinion evidence, or assessment of the RFC is harmless because it was inconsequential to the non-disability determination. *See Molina*, 674 F.3d at 1115.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 3rd day of January, 2022.

MARY ALICE THEILER
United States Magistrate Judge

---

[7] The ALJ was not required to proceed to steps two through five in the sequential evaluation of Plaintiff's disability. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."); *see Cantrall v. Colvin*, 540 Fed. Appx. 607, 610 n.1 (9th Cir. 2013).

ORDER
PAGE - 18